UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**RODRIGO ESTEBAN**      Case No. 3:21cv188-MCR-HTC
**RETAMAL CONCHA**

    Petitioner,

v.

**CAROLINA ANDREA**
**GUERRERO TORO**

    Respondent.

_____/

## VOLUNTARY RETURN ORDER DIRECTING
## RETURN OF MINOR CHILD TO CHILE

This Voluntary Return Order Directing Return of Minor Child to Chile is made pursuant to the 1980 Convention on the Civil Aspects of International Child Abduction (the "Hague Convention"), and the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001 *et seq.*, and with the express consent and agreement of all parties, as evidenced by the signatures of the parties and their counsel on the Joint Stipulation, ECF No. 18.

Accordingly, the Court orders the following, as requested by the parties:

1. That by agreement of the parties, the minor child, M.I.R.G., born in 2012, shall be returned to his habitual residence of Chile.

2. That by agreement of the parties, Petitioner will travel to the United States at his own expense, and return with M.I.R.G. to Chile.

3. That by agreement of the parties, Petitioner shall arrange and pay for all expenses associated with M.I.R.G.'s travel to Santiago, Chile.

4. That by agreement of the parties, Petitioner's counsel shall provide Respondent's counsel with the details of Petitioner's and M.I.R.G.'s travel itinerary from Florida to Santiago, Chile, and Respondent will ensure that M.I.R.G. is ready to return to Chile with Petitioner on the dates specified.

5. That by agreement of the parties, Petitioner and M.I.R.G. shall return to Chile as soon as Petitioner and M.I.R.G. can reasonably finalize Petitioner's and M.I.R.G.'s travel plans from the United States to Chile, but in no event shall the time period for the Child's departure exceed 45 days.

6. That by agreement of the parties, the Clerk of Court will release M.I.R.G's passport and travel documents to Respondent's counsel to be held in trust for Petitioner without release to Respondent and Petitioner will pick up M.I.R.G., together with M.I.R.G.'s passport and travel documents, at Respondent's attorney's office on a date to be coordinated by the parties.

7. That by agreement of the parties, upon his departure from the United States, M.I.R.G. shall return to and reside in Santiago, Chile with the Petitioner,

who will have temporary custody rights of M.I.R.G., until the Respondent returns to Santiago, Chile.

8. That by agreement of the parties, upon the return of M.I.R.G. to Chile, Petitioner's counsel shall file notice in this Court that M.I.R.G. has been returned to his country of habitual residence.

9. That by agreement of the parties, once Respondent returns to Santiago, Chile, Petitioner and Respondent agree that unless a Chilean court orders otherwise, M.I.R.G. will reside with Respondent upon Respondent's facilitation of a suitable residence, and the current regime governing custody of M.I.R.G. shall return to the status quo.  Petitioner and Respondent agree that they shall each retain the right to seek a modification of the custody regime in the Chilean courts upon Respondent and M.I.R.G.'s return to Chile.

10. That by agreement of the parties, Petitioner agrees that he will not pursue a contempt of court order from the Chilean courts or pursue any criminal charges against Respondent based on the allegations contained in the Amended Verified Petition.

11. That by agreement of the parties, each party shall pay his or her own attorney's fees, expenses, and costs associated with this matter, and Petitioner waives any and all claims against Respondent under the Hague Convention and/or ICARA for necessary expenses and attorney's fees. Provided that if

Respondent fails to return M.I.R.G. to Petitioner with M.I.R.G's travel documents for M.I.R.G.'s scheduled return to Chile, Petitioner shall be entitled to injunctive relief and an award of reasonable attorney's fees, costs, and expenses, including for travel, upon application without evidentiary hearing.

12. The hearing on the Court's Order to Show Cause has been canceled as moot.

13. This Order is not a determination of the merits of any custody issues within the meaning of Article 19 of the Hague Convention. This Voluntary Return Order is made under the authority of 22 U.S.C. § 9003(a), conferring original jurisdiction upon this Court, and under the authority of Article 7 of the 1980 Hague Convention.

14. The Clerk is directed to return M.I.R.G.'s passport and travel documents pursuant to Paragraph 6 above and thereafter close the file.

**DONE AND ORDERED** in Pensacola, Florida this 13th day of March, 2021.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:
All Counsel of Record